NOT PRECEDENTIAL

UNITED STATE COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1008
_____

ROBERT BERLUS,
                                        Appellant

v.

JANET NAPOLITANO, Secretary of the Department of Homeland Security; KAREN
FITZGERALD, Field Officer Director, Philadelphia Office of Citizenship and
Immigration; THOMAS DECKER, Field Officer Director, Philadelphia Office of
Immigration and Customs Enforcement; JOHN GRISCOM, Acting Chief, Administrative
Appeals Office of Citizenship and Immigration Services

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 09-cv-3050)
District Judge:  Hon. Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2012

Before:  MCKEE, *Chief Judge*, JORDAN, and VANASKIE *Circuit Judges*.

(Filed: October 26, 2012)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Robert Berlus, a native and citizen of Haiti, appeals the judgment of the United States District Court for the Eastern District of Pennsylvania dismissing for lack of jurisdiction his complaint that he was wrongly denied a waiver of inadmissibility. For the following reasons, we will affirm.

## I. Background

Berlus married a United States citizen and lived in the United States as a legal permanent resident in the 1980s. In 1986, however, he was convicted of immigration fraud, in violation of 18 U.S.C. §§ 371, 1546 and 8 U.S.C. § 1321.[1] As a result of that conviction, he was deported on November 25, 1992. Berlus's wife applied for a new visa on his behalf in 1996, but the application was denied.

After he left the United States, Berlus worked as a port inspector in Haiti. In 2002, he began to assist the United States Drug Enforcement Agency ("DEA") in various investigations. His assistance contributed to the capture of several high-profile drug dealers in 2004. During the period of his cooperation, Berlus entered the United States several times on Public Interest Parole ("PIP"),[2] and most recently in December 2005.

---

[1] Berlus was convicted for his role in an immigration fraud conspiracy. Specifically, he served as an interpreter in the presentation of a fraudulent marriage to the United States Immigration and Naturalization Service.

[2] Congress has authorized the temporary admission of aliens through PIP "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). PIP, however, "shall not be regarded as an admission of the alien," and once the purposes of the parole have been satisfied, the alien is returned to where he came from and is "dealt with in the same manner as that of any other applicant for admission to the United States." *Id*.

In 2006, wishing to remain in the United States, Berlus applied for an adjustment of status with the United States Citizenship and Immigration Services ("USCIS"). Because Berlus had a prior conviction for immigration fraud,[3] and because Berlus tested positive for Human Immunodeficiency Virus ("HIV") during a physical exam,[4] he was not eligible for an adjustment of status unless he received a waiver of inadmissibility. Accordingly, along with his application for an adjustment of status, Berlus applied for a waiver of inadmissibility. USCIS denied Berlus's request for a waiver and his application for adjustment of status.[5] Berlus filed an appeal with the Administrative Appeals Office ("AAO") of USCIS. While that appeal was pending, Berlus was served with a Notice to Appear, triggering the start of his removal proceedings.[6] Following receipt of the Notice, the AAO dismissed Berlus's appeal.

In July 2009, Berlus commenced the present action in the District Court, challenging the USCIS's denial of his request for a waiver of inadmissibility. Berlus specifically invoked the Administrative Procedure Act ("APA") before the District Court,

---

[3] Crimes of moral turpitude are grounds for inadmissibility pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(I). Berlus does not dispute that his role in procuring a visa by false claims amounts to such a crime.

[4] Aliens carrying a communicable disease of public health significance are inadmissible pursuant to 8 U.S.C. § 1182(a)(1)(A). HIV was previously listed as such a disease. 42 C.F.R. § 34.2(b)(6) (2008).

[5] Federal regulations vest USCIS with the authority to adjudicate such applications. *See* 8 C.F.R. § 212.7 (providing that "[a]ny alien who is inadmissible under [8 U.S.C. § 1182(h)] who is eligible for a waiver of such inadmissibility may file [an application for waiver of inadmissibility]" and that "USCIS will provide a written decision" with respect to such an application).

[6] Berlus's removal proceedings are still pending.

3

arguing that it provided the Court with jurisdiction to hear his appeal.  The defendants

moved to dismiss Berlus's action for lack of jurisdiction, and the District Court granted

the motion.[7]  Berlus filed this timely appeal.

## II.    Discussion[8]

Berlus argues that the District Court erred in determining that it did not have

jurisdiction to hear his claim.  He specifically alleges that the administrative proceedings

in which his waiver of inadmissibility request was denied did not comport with

constitutional due process requirements and that both the District Court and this Court

have jurisdiction to hear such a challenge.

The Immigration and Nationality Act ("INA") provides that crimes of moral

turpitude and contagious infections are bases for denial of an adjustment of status.  8

U.S.C. § 1182(a).  The INA also provides, however, that the Attorney General may waive

those bases for inadmissibility to allow an applicant to obtain adjustment of status under

§ 1182(h), "if the alien is a spouse, parent, or child of a United States citizen or

permanent resident alien and can show that denial of admission would cause extreme

hardship to the citizen or permanent resident alien."  *De Leon-Reynoso v. Ashcroft*, 293

F.3d 633, 637 (3d Cir. 2002).  The authority to waive one or more grounds for

---

[7] At the time of the District Court's decision, Berlus's PIP had not been revoked.

[8] We review the District Court's determination that it lacked jurisdiction *de novo*. *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007).  Although we do not have jurisdiction to review the decision to grant or deny a waiver pursuant to 8 U.S.C. § 1182(h), we have jurisdiction to review constitutional or purely legal claims regarding § 1182(h).  *Cabral v. Holder*, 632 F.3d 886, 889 (5th Cir. 2011).  We review *de novo* any legal or constitutional arguments made by Berlus regarding § 1182(h).  *De Leon-Reynoso v. Ashcroft*, 293 F.3d 633, 635 (3d Cir. 2002).

4

inadmissibility is vested solely in the Attorney General and "no court shall have jurisdiction to review" a decision to deny such a request. 8 U.S.C. § 1252(a)(2)(B). This Court can, however, review constitutional claims or pure questions of law associated with the denial of a request for waiver of inadmissibility. 8 U.S.C. § 1252(a)(2)(D); *see Martinez v. Mukasey*, 519 F.3d 532, 541 (5th Cir. 2008) (stating that "[a]lthough we are without jurisdiction to review a decision of the Attorney General to grant or deny a [§ 1182(h)] waiver, our court has jurisdiction … to review … question[s] of law" regarding § 1182) (citation and internal quotation marks omitted).

Berlus argues that the District Court had jurisdiction to review his claims under the Administrative Procedure Act ("APA"), which permits judicial review for a "person suffering legal wrong because of agency action, or [who is] adversely affected or aggrieved by agency action … ." 5 U.S.C. § 702. Review is only permitted, however, where the "agency action is [not] committed to agency discretion by law," and where no "statutes preclude judicial review." *Id*. at § 701(a). Section 1182(h) of title 8 commits the decision to grant or deny a waiver of inadmissibility to the Attorney General and § 1252(a)(2)(B) of that title precludes judicial review of such determinations. *See De Kucana v. Holder*, 130 S. Ct. 827, 836 (2010) ("[Section] 1252(a)(2)(B) … places within the no-judicial-review category any judgment regarding the granting of relief under section 1182(h) … ." (citation and internal quotation marks omitted)); *Leon-Reynoso*, 293 F.3d at 637 ("Under § 1182(h), the Attorney General in his discretion may waive an

5

alien's inadmissibility for a crime of moral turpitude … .").[9]  Thus, the APA cannot provide a basis for jurisdiction over Berlus's claims.

Berlus also argues, however, that § 1252 provides a basis for judicial review of his claims.[10]  He submits that, by its plain language, § 1252's judicial review preclusions apply to removal orders and not to USCIS's decision to deny a waiver of inadmissibility, but § 1252(a)(2)(B) expressly strips jurisdiction concerning § 1182(h) waiver determinations, "regardless of whether the judgment, decision, or action is made in removal proceedings."  8 U.S.C. § 1252(a)(2)(B).  His bald assertions about jurisdiction cannot overcome the statute's explicit instruction that determinations made pursuant to § 1182(h) are not subject to judicial review.[11]

Thus the District Court properly determined that it lacked jurisdiction over Berlus's claims and we likewise lack jurisdiction over his appeal.[12]

---

[9] That discretion has been delegated to USCIS.  *See supra* note 5.

[10] While  Berlus repeatedly refers to 8 U.S.C. § 1152 as the basis for his arguments, he actually quotes from § 1252.  Section 1152 is entitled "[n]umerical limitations on individual foreign states" and is inapplicable to his arguments.

[11] Berlus complains that the Immigration Judge presiding over his removal proceedings has also determined that he does not have jurisdiction to review claims related to the denial of his request for a waiver of inadmissibility.  Those complaints, however, are no answer to Congress's intent to vest sole discretion over the decision to grant or deny a waiver of inadmissibility with USCIS.

[12] Berlus attempts to cast his challenge to USCIS's exercise of discretion as a due process claim, but the substance of his argument is a challenge to the agency's discretionary decision to deny his waiver of inadmissibility.  We lack jurisdiction to review such a claim.  *See Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007)  (holding that there is no jurisdiction to review a claim that the denial of a waiver of inadmissibility failed to balance certain mitigating factors, since such an argument did not raise "a cognizable legal or constitutional question," and, as a result, § 1252(a)(2)(B) precluded judicial review).

6

## III.    Conclusion

For the foregoing reasons, we will affirm the order of the District Court.