NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1139n.06

No. 11-3963

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 05, 2012*

DEBORAH S. HUNT, Clerk

LIMING ZHENG, )
)
    Petitioner, )
)
v. )    ON PETITION FOR REVIEW
)    FROM A FINAL ORDER OF THE
ERIC H. HOLDER, JR., Attorney General, )    BOARD OF IMMIGRATION
)    APPEALS
    Respondent. )

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Liming Zheng, a native and citizen of the People's Republic of China, petitions this Court for review of a decision by the Board of Immigration Appeals denying her motion to reopen and remand her case to the immigration judge (IJ) based on alleged ineffective assistance of counsel. Zheng also petitions for review of a decision by the Board dismissing her appeal from the decision of the IJ denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture.

Zheng illegally entered the United States in November 1996 and filed an application for asylum, withholding of removal, and relief under the Convention Against Torture in 1997. According to Zheng, she married in October 1990, while she was underage, and became pregnant in May 1991. Zheng claims that, during her pregnancy, she went into hiding to avoid family planning officials who ultimately learned of her pregnancy, took her to a hospital, and forced her to

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

have an abortion. Zheng then refused family planning officials' requests that she have an intrauterine device implanted to prevent pregnancy. When Zheng's husband learned of the abortion, he allegedly physically confronted family planning officials. Zheng's husband left China in November 1991, arriving in the United States in February 1992. The couple married in the United States and have two children who are United States citizens.

Zheng's applications for relief were denied by an IJ on December 17, 1998, and the Board affirmed the decision without opinion. After Zheng sought a petition for review before the United States Court of Appeals for the Second Circuit, the parties stipulated to a remand to develop the record. On remand, the IJ ordered Zheng removed in absentia after she failed to appear. The IJ granted Zheng's motion to reopen, however, because she claimed that she had not received notice of the hearing.

Venue was subsequently changed to Ohio and Zheng appeared for a rehearing on May 29, 2007. The IJ denied Zheng's applications for relief based on an adverse credibility finding and an absence of corroborating evidence.

On appeal to the Board, Zheng challenged the denial of her applications for relief from removal and moved to remand on the basis of constitutionally ineffective assistance of counsel. The Board dismissed Zheng's appeal and denied her motion to remand.

Zheng filed a petition for review before this Court. We previously found no error in the Board's decision upholding the IJ's denial of asylum, withholding of removal, and relief under the Convention Against Torture. *Zheng v. Holder*, 410 F. App'x 912, 916 (6th Cir. 2010). However, we vacated the Board's decision and remanded the case for further consideration of Zheng's motion to remand based on ineffective assistance of counsel. *Id*. at 918. We explained:

> We cannot determine from the BIA's opinion whether it believed that the quoted paragraphs from Zheng's affidavit insufficiently identified 'additional evidence demonstrating that further hearings are warranted,' . . . or whether the BIA erroneously believed that Zheng had not pointed to any evidence at all in support of her motion for remand–a straightforward failure to comply 'with the statutory and

regulatory requirements for reopening.' . . . This ambiguity requires us to remand Zheng's motion to the BIA for clarification.

*Id.* at 917.

On remand, the Board reaffirmed its acceptance of the IJ's denial of Zheng's applications for relief from removal. The Board also reaffirmed its decision denying Zheng's motion to remand. After filing this timely petition for review, Zheng moved this Court to stay her removal. Finding no objection to the motion, a motions panel of the Court granted the motion to stay.

We review the Board's legal conclusions de novo and will affirm factual findings that are supported by substantial evidence. *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007). We will only reverse a factual finding if the record compels a contrary conclusion. *Id.* Where the Board adopts the decision of the IJ and adds additional analysis, as it did here, we review the IJ's decision as supplemented by the Board. *See Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009).

We review the Board's denial of Zheng's motion to remand under the same standard as the Board's denial of a motion to reopen. *See Ahmed v. Mukasey*, 519 F.3d 579, 586 n.7 (6th Cir. 2008). The denial of the motion is reviewed for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Madrigal v. Holder*, 572 F.3d 239, 242 (6th Cir. 2009); *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). "The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). Great deference is afforded to the Board's denials of motions to reopen because "[g]ranting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case." *Bi Feng Liu v. Holder*, 560 F.3d 485, 489–90 (6th Cir. 2009) (internal quotation marks omitted).

On remand from this Court, the Board reaffirmed its denial of Zheng's motion to remand. The Board explained that while:

> [Zheng] averred that her husband, sister-in-law, and father-in-law, could have supplied testimony in support for her claim, . . . she did not submit any evidence from such witnesses to demonstrate that they actually have information to support [her] claim, and would appear to testify on her behalf or produce affidavits. Without such evidence, [Zheng] has not met her burden of proof for remanding and reopening.

Zheng testified before the IJ that her husband would not testify because he was attempting to "reopen his case"; thus it was not unreasonable to require Zheng to provide this information. The Board also found Zheng's motion to remand unpersuasive because she failed to "establish what exact evidence she in fact would have provided, and whether it would have ultimately changed the result of her case, especially in light of the finding that her own testimony was inconsistent, evasive and non-responsive." The Board therefore found that Zheng failed to demonstrate the necessary prejudice to prove ineffective assistance of counsel. *See Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006).

Because the Board clarified the earlier ambiguity that caused the remand of this issue and because no abuse of discretion is revealed in its decision, we deny Zheng's petition for review on this ground.

The petition for review is denied.