# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2013

No. 12-60390
Summary Calendar

Lyle W. Cayce
Clerk

CHARLES STEPHENS,

Petitioner

v.

ERIC H. HOLDER, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A038 541 554

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Charles Stephens is a citizen of the United Kingdom, a native of Guyana, and a Lawful Permanent Resident (LPR) of the United States. This court is now presented with Stephens's petition for review of a decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's order finding him removable due to his prior conviction for an aggravated felony. Consistent with his position before the BIA, Stephens argues that he is entitled to a waiver of inadmissibility and that 8 U.S.C. § 1182(h) does not preclude him from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seeking such relief because he achieved LPR status after he first entered this country.  Under Stephens's view, his case is substantially similar to *Martinez v. Mukasey*, 519 F.3d 532 (5th Cir. 2008).

We typically lack jurisdiction to review a decision of the BIA ordering an alien removed due to his prior conviction for an aggravated felony.  *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 460-61 (5th Cir. 2006).  However, we retain jurisdiction to consider legal questions such as the issue whether Stephens is eligible for a waiver of inadmissibility under § 1182(h).  *See Martinez,* 519 F.3d at 541.  We conduct a de novo review of the BIA's legal determinations, and its factual findings are reviewed for substantial evidence.  *Carranza-De Salinas v. Holder*, 700 F.3d 768, 772 (5th Cir. 2012).

To the extent that Stephens contends that his case is squarely on point with, and thus controlled by, *Martinez*, we disagree.  In contrast to *Martinez*, 519 F.3d at 536, 543-44, the record in the instant case shows that Stephens obtained LPR status outside of the United States and was admitted to this country as an LPR.  This distinction is material and dispositive.  Additionally, as explained in *Molina-Ramirez v. Holder*, 362 F. App'x 387, 393 (5th Cir. 2010), counsel conceded that Stephens was admitted as an LPR, and "the BIA may reasonably have concluded that [Stephens] could not satisfy *Martinez*'s requirements for a § 212(h) waiver because of [this] concession."  Although nonbinding, *Molina-Ramirez* is nonetheless "highly persuasive."  *See United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir.), *cert. denied*, 132 S. Ct. 178 (2011).

Further, Stephens does not advance a persuasive argument to show that he is entitled to the relief sought.  Rather, he simply cites *Martinez* and insists that his case should have the same result as that one.  This is not enough for Stephens to show that he should receive § 1182(h) relief.  *See Opie v. INS*, 66 F.3d 737, 739 (5th Cir. 1995).  Accordingly, his petition for review is DENIED.