STEPHEN A. HIGGINSON, Circuit Judge, dissenting: Because this court’s review is typically “confined to the BIA’s analysis and reasoning,” Enriquez-Gutierrez v. Holder, 612 F.3d 400, 407 (5th Cir. 2010), I respectfully disagree with the majority’s waiver analysis. Had Lowe briefed the Lo-zada elements, we would not likely have considered them because the BIA’s rationale for denying Lowe’s motion did not grapple with those arguments, either. See id.; Kwon v. INS, 646 F.2d 909, 916 (5th Cir. 1981) (“[W]e are not permitted to consider reasons [for affirming the BIA] other than those [the BIA] advanced.”). Rather, the BIA denied Lowe’s motion to reconsider because in its view it, had correctly determined her adjustment of status was an “entry” into the United States. That conclusion, however, flouts our precedents. See Marques v. Lynch, 834 F.3d 549 (5th Cir. 2016); Martinez v. Mukasey, 519 F.3d 582 (5th Cir. 2008). I would therefore grant the petition.