**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE MANUEL OCHOA-AMAYA,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

*Respondent.*

No. 05-74693

Agency No.
A74-323-162

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
October 16, 2006—San Francisco, California

Filed December 29, 2006
Amended March 22, 2007

Before: Robert R. Beezer, Diarmuid F. O'Scannlain, and
Stephen S. Trott, Circuit Judges.

Opinion by Judge Trott

**COUNSEL**

Stephen Shaiken, San Francisco, California, for the petitioner.

Aviva Poczter and Robbin K. Blaya, United States Department of Justice, Washington, D.C., for the respondent.

## ORDER

The opinion filed December 29, 2006, is hereby amended as follows:

At the slip opinion page 20052, and 472 F.3d 674, 677 (9th Cir. 2006), in the paragraph beginning with "We have jurisdiction to review BIA's denial of Ochoa-Amaya's motion to reopen . . . . ," delete the final sentence:

> BIA's interpretation of an immigration law is entitled to deference "unless that interpretation is contrary to the plain and sensible meaning of the statute." *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).

And replace with the following sentence:

> Where congressional intent is clear, we must "give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 843 (1984).

At the slip opinion pages 20054-55, and 472 F.3d at 678, in the paragraph beginning with "Ochoa-Amaya's interpretation stems from an erroneous reading of subsection (h)(2) of 8 U.S.C. § 1153, which describes the petitions . . . . ," delete the final sentence:

> Because BIA's interpretation is not contrary to the plain meaning of the statute, we defer to BIA's construction of the immigration law it administers. *Simeonov*, 371 F.3d at 535.

The mandate shall issue forthwith.

**OPINION**

TROTT, Circuit Judge:

Jose Ochoa-Amaya seeks judicial review of the Board of Immigration Appeals' (BIA) final order denying his motion to reopen to allow consideration of his application for adjustment of status pursuant to 8 U.S.C. § 1255(i). BIA rejected the motion because it determined that Ochoa-Amaya did not qualify as a child under the Child Status Protection Act (CSPA), Pub. L. No. 107-208, 116 Stat. 927 (2002), and so could not show statutory eligibility for adjustment of status. We agree with BIA's interpretation of the relevant language of the CSPA, and deny Ochoa-Amaya's petition.

**I**

**BACKGROUND**

Ochoa-Amaya, a Mexican citizen born in 1978, entered the United States without inspection in 1985. In August 1992, Ochoa-Amaya's father, a lawful permanent resident, filed a visa petition on behalf of his wife and minor children, including Ochoa-Amaya. In February 1997, Ochoa-Amaya effectively terminated his pending application by marrying his 74 year-old U.S. citizen bride. Eventually, all family members except Ochoa-Amaya became lawful permanent residents.

On July 13, 1997, after apprehending Ocho-Amaya when he attempted illegally to reenter the United States after returning to Mexico for his brother's funeral, the Immigration and Naturalization Service (INS) charged Ochoa-Amaya under 8 U.S.C. § 1182(a)(6)(A)(i) for being an alien present in the United States without admission or inspection.[1] At a hearing,

---

[1]The INS was abolished effective March 1, 2003, and its functions transferred to the newly formed Department of Homeland Security. *See* 6 U.S.C. § 542. For ease of reference, we refer to the relevant agency as the INS.

Ochoa-Amaya conceded removability, but requested cancellation of removal under 8 U.S.C. § 1229b(b)(1) or, in the alternative, voluntary departure. Ochoa-Amaya originally intended to apply for adjustment of status due to his marriage, but his elderly wife passed away before the visa petition was adjudicated.

In February 2004, Ochoa-Amaya's case proceeded to the United States Immigration Court in San Francisco, where Ochoa-Amaya applied for cancellation of removal on the ground of hardship to his lawful permanent resident father and United States citizen daughter. To support his application, he presented evidence of his continuous presence in the United States for ten years, his good moral character, and the exceptional hardship his family members would suffer if he were removed. Concluding Ochoa-Amaya failed to show the requisite level of hardship, the immigration judge denied Ochoa-Amaya's application for cancellation of removal and granted voluntary departure, a decision subsequently upheld by BIA.

In May 2005, Ochoa-Amaya's father filed an I-130 form (Petition for Alien Relative) on Ochoa-Amaya's behalf. The following day, Ochoa-Amaya, now a 26-year old widower, moved BIA to reopen proceedings so he could apply for adjustment of status "based on an immediately available visa through his father."[2]

In his motion, Ochoa-Amaya claimed he qualified as a child under the CSPA. Section 3 of the CSPA allows certain aliens to adjust their status as children of lawful permanent residents even if they are no longer under the age of 21. The laudable purpose of this provision is to prevent children of United States citizens from "aging out" while waiting for con-

---

[2]8 U.S.C. § 1255(i) allows certain otherwise ineligible aliens to adjust their status if, among other things, "an immigrant visa is immediately available."

sideration such that they find themselves at the end of a long waiting list for family first preferences. Ochoa-Amaya sought the status of a child because, according to a State Department bulletin in effect at the time the motion was pending, a visa for a child of a lawful permanent resident was immediately available if the petition had a priority date of April 22, 1998, or earlier. In contrast, a visa for an unmarried son who did not qualify as a child could only receive a visa if his priority date was March 15, 1992, or earlier. Using the August 1992 priority date, Ochoa-Amaya could show a visa was "immediately available" only if he qualified as a child under the CSPA.

BIA denied Ochoa-Amaya's motion. Rejecting Ochoa-Amaya's interpretation of the CSPA's formula for calculating whether an alien qualifies as a child, BIA concluded that Ochoa-Amaya failed to meet his burden to establish prima facie eligibility for adjustment of status under 8 U.S.C. § 1255(i). Ochoa-Amaya timely filed a petition for review.

## II

## STANDARD OF REVIEW

We have jurisdiction to review BIA's denial of Ochoa-Amaya's motion to reopen to apply for adjustment of status. *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004). We review the denial of a motion to reopen for abuse of discretion. *Id.* (citing *Shaar v. INS*, 141 F.3d 953, 955 (9th Cir. 1998)). In a motion to reopen, it is the movant's burden to establish prima facie eligibility for the relief sought. *Fernandez v. Gonzales*, 439 F.3d 592, 595 (9th Cir. 2006). We review *de novo* BIA's determination of a purely legal question. *de Martinez*, 374 F.3d at 761. Where congressional intent is clear, we must "give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 843 (1984).

### III

### DISCUSSION

BIA may deny motions to reopen for various reasons, including statutory ineligibility, which was the only basis for BIA's denial of Ochoa-Amaya's motion. *See Fernandez*, 439 F.3d at 599 (setting forth grounds on which BIA may deny motion to reopen). Thus, we focus on BIA's interpretation of the CSPA. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004).

**[1]** Congress enacted the CSPA to provide age-out protection for aliens who were children (under 21) at the time a petition for permanent resident status was filed on their behalf. *Padash v. INS*, 358 F.3d 1161, 1167 (9th Cir. 2004). Indeed, the CSPA was necessary "to address the 'enormous backlog of adjustment of status (to permanent residence) applications' which had developed at the INS." *Id.* at 1172 (quoting H.R. Rep. No. 107-45, *2, *reprinted in* 2002 U.S.C.C.A.N. 640, 641, 2001 WL 406244).

**[2]** Under the CSPA, Ochoa-Amaya may qualify to have his status adjusted, provided, "(1) he was a 'child' on the date upon which the immigrant visa became available for his parents, (2) he applied for adjustment of status within one year of availability, and (3) he 'aged out' while waiting for his application to be adjudicated." *Id.* at 1167. Specifically, the CSPA contains the following formula for determining whether an alien qualifies as a child:

> [A] determination of whether an alien [qualifies as a child] shall be made using (A) the age of the alien on the date on which an immigrant visa number becomes available for such alien (or, in the case of subsection (d) of this section, the date on which an immigrant visa number became available for the alien's parent), but only if the alien has sought to

acquire the status of an alien lawfully admitted for permanent residence within one year of such availability; reduced by (B) the number of days in the period during which the applicable petition described in paragraph (2) was pending.

8 U.S.C. § 1153(h)(1)(A)-(B). The dispute in this case centers on the phrase "the period during which the applicable petition . . . was pending." *Id.* Ochoa-Amaya argues that the phrase refers to the period of time between the date the visa petition was filed with INS and the date the visa became available through the State Department. BIA reasons instead that the proper time frame is the period between the date the visa petition was filed with INS and the date the petition was approved by INS. We agree with BIA.

**[3]** Ochoa-Amaya's interpretation stems from an erroneous reading of subsection (h)(2) of 8 U.S.C. § 1153, which describes the petitions to which the formula in subsection (h)(1) applies:

The petition described in this paragraph is

(A)  with respect to a relationship described in subsection (a)(2)(A) of this section [1153], a petition filed under section 1154 of this title for classification of an alien child under subsection (a)(2)(A) of this section; or

(B)  with respect to an alien child who is a derivative beneficiary under subsection (d) of this section, a petition filed under section 1154 of this title for classification of the alien's parent under subsection (a), (b), or (c) of this section.

Ochoa-Amaya reasons that because the petition description refers to a family relationship described in § 1153(a)(2)(A), which includes an alien child of a lawful permanent resident,

and because that section addresses the worldwide allocation of visas, a matter within the purview of the State Department, the reference in the formula to "the period during which the petition is pending" includes the time until the visa became available through the State Department. While subsection (h)(2) does refer to a relationship described in § 1153, it clearly identifies a petition filed under § 1154, which includes the I-130 petition adjudicated by INS. *See Padash*, 358 F.3d at 1167 (9th Cir. 2004) (noting CSPA's protections extend to an alien who, among other things, " 'aged out' while waiting for his application to be *adjudicated*") (emphasis added). Section 1154 makes no mention of visa availability through the State Department. Consequently, "the period during which the petition is pending" refers to the time between the date INS received the petition and the date INS approved the petition, and has nothing to do with the availability of a visa through the State Department.

**[4]** More importantly, as BIA correctly noted, Ochoa-Amaya's interpretation "would render the formula superfluous, as it would in all cases calculate to the age on the filing date of the visa petition, so long as status was sought within one year of availability." If Congress wanted to freeze an alien's age to the date the petition was filed, regardless of any delays, Congress would likely have avoided a formula altogether. Ochoa-Amaya's interpretation would indeed render the formula superfluous, in violation of a basic rule of statutory interpretation. *See United States v. Wenner*, 351 F.3d 969, 975 (9th Cir. 2003) (noting the fundamental principle of statutory construction that a statute should not be construed to render certain words or phrases mere surplusage). Because we agree with BIA's interpretation of the CSPA, and because that was the only issue presented in the motion to reopen, Ochoa-Amaya has not met his burden of establishing his prima facie eligibility for the relief sought. *Fernandez*, 439 F.3d at 595. Accordingly, BIA did not abuse its discretion in denying his motion to reopen.

# IV

# CONCLUSION

BIA is correct that the CSPA protects children from aging out while their petitions are pending before the INS, but that the Act does not address the time during which a visa is made available through the Department of State.

**PETITION DENIED**.