**Hugo ITUARTE–OLIVAS, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70692.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 21, 2007.*

Filed July 24, 2007.

Ian E. Silverberg, Esq., Reno, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, Virginia Lum, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

Hugo Ituarte–Olivas, a native and citizen of Mexico, petitions for review of a final order issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) determination that he failed to establish his eligibility for relief under the Child Status Protection Act (CSPA). We deny the petition for review.

### DISCUSSION

The CSPA, Pub.L. No. 107–208, 116 Stat. 927 (2002), was enacted "to provide age-out protection for aliens who were children (under 21) at the time a petition for permanent resident status was filed on their behalf." *Ochoa–Amaya v. Gonzales,* 479 F.3d 989, 992 (9th Cir.2007). Prior to the CSPA, children lost their eligibility for such relief when they turned twenty-one and their application had not yet been acted upon. *See Padash v. INS,* 358 F.3d 1161, 1167 (9th Cir.2004). Thus, the "laudable purpose of this [Act] is to prevent children of United States citizens from 'aging out' while waiting for consideration...." *Ochoa–Amaya,* 479 F.3d at 991. The CSPA applies to individuals who had applications pending on August 6, 2002, the effective date of the Act. *See Padash,* 358 F.3d at 1173.

Olivas claims a petition was filed on his behalf in 1994, and, although he "aged-out" in 1998, almost four years before the CSPA was enacted, he had an application

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pending when the CSPA was enacted. He contends the IJ did not allow him to make a record on this issue and therefore the BIA should have remanded to the IJ for development of "a complete and proper record."

The BIA did not abuse its discretion by refusing to remand. *See Garcia–Quintero v. Gonzales*, 455 F.3d 1006, 1011 (9th Cir. 2006) (stating standard of review for the denial of a request for remand). Although Olivas sought relief under the CSPA, he did not submit any application for relief or supporting documentation to either the IJ or the BIA. The BIA may deny a request for a remand when the alien fails to establish a prima facie case of eligibility for the relief sought. *See Malhi v. INS*, 336 F.3d 989, 994 (9th Cir.2003); *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir.1987).

**PETITION FOR REVIEW DENIED.**