**Luis Humberto MATA TORRES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70083.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Oct. 2, 2008.

Andres Z. Bustamante, Esq., Law Offices of Andres Z. Bustamante, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, B. FLETCHER, and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Luis Humberto Mata Torres, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision denying his motion to remand and affirming an Immigration Judge's ("IJ") decision not to administratively close his removal proceedings. We deny the petition for review.

■ This court has jurisdiction to review the BIA's denial of a motion to remand to apply for adjustment of status. *See Ochoa–Amaya v. Gonzales,* 479 F.3d 989, 992 (9th Cir.2007). In a motion to remand, "it is the movant's burden to establish prima facie eligibility for the relief sought." *Id.* The BIA may deny a motion to remand if the movant has failed to meet his burden of establishing prima facie eligibility for adjustment of status. *Id.* at 992–93. Mata Torres failed to prove that he has a visa immediately available to him, as is required to establish prima facie eligibility for adjustment of status. Thus, we cannot say that the BIA abused its discretion in denying the motion to remand.

■ This court also has jurisdiction to review claims regarding administrative closure. *See Alcaraz v. INS,* 384 F.3d 1150,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1161 (9th Cir.2004). Administrative closure is "an administrative convenience" that allows removal of a case from the immigration judge's calendar only if both parties to the removal proceeding agree. *Matter of Lopez–Barrios,* 20 I. & N. Dec. 203, 204 (BIA 1990). The Department of Homeland Security opposed Mata Torres's request for administrative closure, and therefore we cannot say that the BIA erred in denying the opposed request for administrative closure.

PETITION DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.