Abdelaziz **KISSAY**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 07–74660.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2008.*

Filed Nov. 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Abdelaziz Kissay, pro se.

Barry J. Pettinato, Esquire, Julia Tyler, Esquire, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TROTT, GOULD and TALLMAN, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") decision denying petitioner's motion to remand.

■ This court reviews the BIA's denial of a motion to remand in order to apply for adjustment of status for abuse of discretion. *See Ochoa–Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir.2007). The BIA may deny a motion to remand if the movant has failed to meet his burden of establishing prima facie eligibility for adjustment. *Id.* at 992–93. In this case, petitioner admittedly could not show the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

BIA that he had a visa immediately available to him, as is required to establish prima facie eligibility for adjustment of status. Thus, we cannot say that the BIA abused its discretion in denying the motion to remand. *See id.*

■ Petitioner has also filed a motion for remand in this court, contending he is now immediately eligible for adjustment of status because the priority date for the visa petition filed by his wife, a lawful permanent resident, is current. However, because petitioner was in unlawful immigration status when the visa petition was filed, petitioner is required to show that he is statutorily eligible for adjustment of status by way of a petition filed prior to April 30, 2001. *See* 8 U.S.C. § 1255(c), (i). As the record reveals that the visa petition was filed after this date, petitioner has not made such a showing. We therefore deny the motion for remand.

All other pending motions are denied as moot.

**PETITION FOR REVIEW DENIED.**