**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO ARVIZU-GRANADOS, | No. 07-73203 |
| Petitioner, | Agency No. A097-337-487 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Sergio Arvizu-Granados, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for adjustment of

status and denying his motion to remand.  We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to continue and a motion to remand, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003), and we review de novo claims of constitutional violations in immigration proceedings, *Sandoval-Luna*, 526 F.3d at 1247. We deny the petition for review.

The IJ did not abuse his discretion in denying a continuance on the ground that Arvizu-Granados did not demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for continuance for good cause shown); *see also Sandoval-Luna*, 526 F.3d at 1247 (IJ did not abuse discretion in denying a continuance where alien had no approved visa petition and no relief was immediately available). It follows that the IJ did not violate due process by denying the continuance. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a petitioner to prevail on a due process claim).

The BIA did not abuse its discretion in denying the motion to remand on the ground that Arvizu-Grandos did not submit evidence demonstrating prima facie eligibility for relief. *See Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 382 (9th Cir. 2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."); *see also*

*Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir 2007) (it is the petitioner's burden to establish prima facie eligibility for the relief sought).

**PETITION FOR REVIEW DENIED.**