FILED

DEC 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VIDAL REYNALDO PORTILLO-BENAVIDES, | No. 10-72520 |
| Petitioner, | Agency No. A046-407-205 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Vidal Reynaldo Portillo-Benavides, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his motion to

reopen removal proceedings conducted in absentia  and denying his motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

Portillo-Benavides does not challenge the BIA's determination that his conviction under California Health and Safety Code § 11350(a) is a controlled-substance violation that renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). We therefore lack jurisdiction to review the agency's determination that Portillo-Benavides failed to credibly establish that exceptional circumstances caused him to miss his hearing. *See* 8 U.S.C. § 1252(a)(2)(C).

The BIA did not abuse its discretion in denying the motion to remand on the ground that Portillo-Benavides did not submit evidence demonstrating prima facie eligibility for relief. *See Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007) (it is the petitioner's burden to establish prima facie eligibility for the relief sought). It follows that the agency did not violate Portillo-Benavides' due process rights by denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

10-72520