**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN JOSE HERRERA-CABEZA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 12-73017 Agency No. A072-131-472 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Juan Jose Herrera-Cabeza, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

withholding of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review for abuse of discretion the agency's denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

We lack jurisdiction to consider Cabeza's past persecution claim because he did not raise it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below). Further, Herrera-Cabeza does not raise any challenge to the agency's dispositive finding that he failed to demonstrate a well-founded fear of persecution, where he returned to El Salvador and lived without harm for over three years. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, . . . when the applicant has returned to the country without incident."), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Thus, we deny the petition as to Herrera-Cabeza's asylum claim.

Because Herrera-Cabeza failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, the BIA did not abuse its discretion in denying Herrera-Cabeza's request to remand where he did not establish prima facie eligibility for relief. *See Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007) (it is the petitioner's burden to establish prima facie eligibility for the relief sought).

**PETITION FOR REVIEW DENIED.**

12-73017