**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NOE ORTEGA-ORTEGA, | No. 10-72679 |
| Petitioner, | Agency No. A096-531-237 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2015[**]
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Noe Ortega-Ortega (Ortega), a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of his second application for adjustment of status.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

The BIA did not err in upholding the IJ's denial of Ortega's second application for adjustment of status and dismissing Ortega's appeal. First, the BIA correctly found that Ortega failed to show that a visa was "immediately available" to him at the time he filed his application. *See* 8 U.S.C. § 1255(i)(2) (an applicant's status may be adjusted when, *inter alia*, "an immigrant visa is immediately available . . . at the time the application is filed"). Although a 2A-preference[1] visa was immediately available to Ortega, Ortega was no longer eligible for it because he had aged-out of that category when he filed his second application for adjustment of status.

The BIA properly concluded that the Child Status Protection Act ("CSPA") did not provide relief to Ortega because he failed to file his adjustment of status application within one year of the date his 2A-preference visa became available. *See* 8 U.S.C. § 1153(h)(1)(A)-(B) (determining an applicant's age as "(A) the age of the alien on the date on which an immigrant visa number becomes available for

---

[1] A "2A" preference refers to the preference category for unmarried children of permanent residents, provided they are under twenty-one years of age. A "2B" preference refers to the category for unmarried children of permanent residents who are over the age of twenty-one.

such alien . . . *but only if the alien has sought to acquire the status of an alien lawfully admitted for permanent residence within one year of such availability*; reduced by (B) the number of days in the period during which the applicable petition . . . was pending" (emphasis added)).   Ortega's 2A-preference visa was available in July of 2003, but it was not until May 22, 2005—nearly two years later—that he filed his *first* application for adjustment of status.  His second application for adjustment of status—the application at issue here—was filed even later, on November 20, 2006.  Because Ortega failed to file an application for adjustment of status within one year of the date his 2A-preference visa became available, the BIA properly concluded that he was ineligible for adjustment of status under the CSPA.  *See Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007).

**Petition DENIED.**