**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ANATOLY VALUSHKIN, | No. 11-73884 |
| Petitioner, | Agency No. A073-906-007 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2015
Pasadena, California

Before: REINHARDT, FERNANDEZ, and CLIFTON, Circuit Judges.

Anatoly Valushkin petitions for review of a Board of Immigration Appeals

order dismissing his appeal of an immigration judge's decision. The immigration

judge denied Valushkin's applications for a § 212(h) waiver, adjustment of status,

asylum, withholding of removal, protection under the Convention Against Torture,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and voluntary departure. The BIA affirmed and then denied a motion to remand. We deny the petition.

Valushkin argues that the BIA erred when it determined that he was removable because he had been convicted of a crime involving moral turpitude—namely, a Hobbs Act conviction for interference with commerce by threats or violence, 18 U.S.C. § 1951. The BIA has long held that extortion constitutes a crime involving moral turpitude. *See, e.g.*, *Matter of C–*, 5 I.&N. Dec. 370 (BIA 1953). "[W]here, as here, the [BIA] determines that certain conduct"—*i.e.*, extortion—"is morally turpitudinous in a precedential decision, we apply *Chevron* deference regardless of whether the order under review is the precedential decision itself or a subsequent unpublished order that relies upon it." *Marmolejo-Campos v. Holder*, 558 F.3d 903, 911 (9th Cir. 2009) (en banc). We are not persuaded that the BIA's determination was unreasonable. *Cf. Castillo-Cruz v. Holder*, 581 F.3d 1154, 1160 (9th Cir. 2009) ("[W]e have consistently held that acts of . . . theft constitute crimes of moral turpitude.").

Valushkin's due process challenge is also unpersuasive. The supposed failures he has identified fall well short of the standard that must be met to establish a due process violation. *See, e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1013

(9th Cir. 2010).  In any event, Valushkin has also failed to establish prejudice.  *See*

*Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice).

Next, we conclude that the BIA did not err when it required Valushkin to

meet the standard set forth under 8 U.S.C. § 1182(h)(1)(B) and that it correctly

reasoned that section 1182(h)(1)(A) did not apply because Valushkin's offense

occurred less than fifteen years before he applied for adjustment.  Valushkin's

arguments to the contrary are meritless.

The BIA also did not err when it determined that Valushkin was not eligible

for asylum or withholding because he was convicted of a "particularly serious

crime."  8 U.S.C. § 1158(b)(2)(A)(ii) (asylum); 8 U.S.C. § 1231(b)(3)(B)(ii)

(withholding).  The immigration judge properly analyzed "the nature of the

conviction, the underlying facts and circumstances and the sentence imposed,"

*Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc), and concluded

that Valushkin had been convicted of a particularly serious crime.  The BIA

"agree[d]" with that determination.  There was no abuse of discretion.

We lack jurisdiction to review the determination that Valushkin was subject

to 8 C.F.R. § 1212.7(d)'s heightened standard.  *Torres-Valdivias v. Lynch*, 786

F.3d 1147, 1152–53 (9th Cir. 2015).  Valushkin's *ultra vires* and retroactivity

arguments are foreclosed by *Mejia v. Gonzales*, 499 F.3d 991 (9th Cir. 2007).

3

Substantial evidence supports the denial of Valushkin's overly speculative CAT claim, because the record does not compel the conclusion that Valushkin will more likely than not be tortured in Russia. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216–23 (9th Cir. 2005).

Valushkin failed to exhaust administrative remedies with respect to his claim under the United Nations Convention Against Transnational Organized Crime, Nov. 15, 2000, 2225 U.N.T.S. 209. We therefore lack jurisdiction to consider this argument. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

Valushkin's challenge to the denial of voluntary departure fails because "such claims are expressly barred from judicial review." *Gutierrez v. Holder*, 662 F.3d 1083, 1087 n.4 (9th Cir. 2011).

Finally, Valushkin challenges the BIA's denial of his motion to remand. We conclude that there was no abuse of discretion because Valushkin failed to meet his "burden to establish prima facie eligibility for the relief sought." *Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007).

**DENIED.**