**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCOS ANTONIO AGUILAR-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   15-72473<br><br>Agency No. A200-289-337<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 12, 2017
San Francisco, California

Before:  GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,** District Judge.

Marcos Antonio Aguilar-Rodriguez ("Aguilar"), a native and citizen of El

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order

upholding the immigration judge's ("IJ") denial of Aguilar's application for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

withholding of removal and denying Aguilar's motion to remand and reopen his applications for asylum and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny in part, grant in part, and remand.

1. The BIA determined that Aguilar was not entitled to withholding of removal because he failed to establish persecution on account of a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A). Aguilar sought relief based on membership in the social group consisting of "former Salvadoran gang members with gang tattoos." The BIA concluded that group was not legally cognizable because, among other reasons, it found no record evidence demonstrating that the proffered group was perceived as a socially distinct group within Salvadoran society.[1] *See Reyes v. Lynch*, 842 F.3d 1125, 1131, 1136-37 (9th Cir. 2016) (holding that an applicant must show that his proposed social group is "socially distinct within the society in question" (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014))). Because the record evidence does not compel a contrary conclusion, we may not reverse that finding. *See id.* at 1137-38.

---

[1] To the extent Aguilar contests his need to prove "social distinction," we recently held that the BIA's present articulation of the legal standard for a cognizable "particular social group," including the "social distinction" requirement, is entitled to *Chevron* deference. *Reyes*, 842 F.3d at 1136-37. Because the BIA's social distinction finding is dispositive of Aguilar's application, we need not address whether Aguilar's social group satisfies other elements of that test.

2.	Aguilar cannot make out a prima facie claim for asylum based on membership in that group for the same reason. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requiring an asylum applicant to demonstrate persecution or fear of persecution on account of a protected ground). Because Aguilar did not meet his burden of establishing prima facie entitlement to asylum relief, the BIA did not abuse its discretion in denying reopening of that application. *See Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2006), *as amended* (9th Cir. 2007).

3.	The BIA did abuse its discretion, however, by summarily denying Aguilar's motion to remand and reopen his CAT claim. *See, e.g.*, *Mohammed v. Gonzales*, 400 F.3d 785, 792-93 (9th Cir. 2005). The BIA refused to reopen that application because it determined that Aguilar had not made out a prima facie claim for CAT relief or established that he faces "appreciably different" risks than other Salvadorans. But the record does not support those conclusions: Aguilar submitted evidence of changed country conditions that bear on whether it is reasonably likely he would be tortured or killed if he returns to El Salvador because his gang tattoos will make him a target under the aggressive anti-gang policies of the recently elected Salvadoran government, which has authorized searches for and the detention of persons with gang tattoos, sanctioned the use of lethal force against gang members, and engaged in reported extrajudicial killings of suspected gang members.

3

The BIA abused its discretion in denying Aguilar's motion without addressing *any* of that evidence or adequately explaining why it did not show "that it would be worthwhile to develop the issues further at a plenary hearing on reopening," *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003) (quoting *Matter of S–V–*, 22 I. & N. Dec. 1306, 1308 (B.I.A. 2000)). *See Mohammed*, 400 F.3d at 792-93 (holding that the BIA "must issue a decision that fully explains the reasons for denying a motion to reopen" and "address in its entirety the evidence submitted by a petitioner"); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (holding that the BIA abused its discretion in denying a motion to reopen "without articulating its reasons"). We accordingly grant the petition in part and remand.

**PETITION FOR REVIEW DENIED in part, GRANTED in part, and REMANDED.** The parties shall bear their own costs on review.