NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILTON RAMOS RODRIGUEZ, | No. 16-70520 |
| Petitioner, | Agency No. A078-464-483 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2017**
San Francisco, California

Before:  KOZINSKI and FRIEDLAND, Circuit Judges, and BENNETT,*** District Judge.

Milton Ramos Rodriguez ("Ramos"), a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Ochoa–Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007), and we deny the petition.

"In a motion to reopen, it is the movant's burden to establish prima facie eligibility for the relief sought." *Id.* The BIA determined that, although Ramos was no longer statutorily ineligible for withholding of removal in light of new caselaw, Ramos had not met his burden of establishing prima facie eligibility for relief because his claim was based entirely on testimony and statements that the IJ had found not credible—an adverse credibility determination that had twice been affirmed by the BIA. Ramos has not presented any new evidence or otherwise explained how he would prove his claim for withholding of removal in light of the IJ's prior credibility findings. Given that, it was not an abuse of discretion for the BIA to conclude that he had not made out a prima facie claim for withholding of removal and to deny the motion to reopen on that ground.

Contrary to Ramos's contentions, the BIA did not make any findings of fact in reaching that conclusion; it simply determined that Ramos had not met his burden of establishing prima facie eligibility for relief, which is the standard a movant must satisfy to reopen immigration proceedings. *See id.* Nor did the BIA run afoul of *Shouchen Yang v. Lynch*, 822 F.3d 504 (9th Cir. 2016), by applying

the *falsus* maxim to discredit the evidence supporting Ramos's claim for withholding of removal. The BIA did not make any new adverse credibility determinations; it simply observed that Ramos's withholding claim was based entirely on testimony and statements that had already been found not credible and, thus, that he had not proven prima facie entitlement to relief.

**PETITION FOR REVIEW DENIED.**