NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME JAVIER MENDOZA-HERNANDEZ, | No.   15-73611 |
| Petitioner, | Agency No. A094-108-591 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2026[**]
San Francisco, California

Before:  N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Jamie Javier Mendoza-Hernandez, a native and citizen of El-Salvador,

petitions for review of a Board of Immigration Appeals ("BIA") decision affirming

the Immigration Judge's ("IJ") denial of his application for protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1] Mendoza-Hernandez also petitions for review of the BIA's denial of his motion to remand. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1. We review due process challenges to immigration proceedings de novo. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). "The BIA's decision will be reversed on due process grounds if (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citations omitted).

Mendoza-Hernandez claims the agency deprived him of due process by (1) returning the record to the IJ without specifically ordering a new IJ to conduct a de novo hearing on his application for CAT protection; and (2) applying post-Real ID Act rules to his pre-Real ID Act CAT claim. His claims fail.

First, the record does not suggest that the IJ failed to consider all evidence or prevented Mendoza-Hernandez from presenting his evidence, as due process

---

[1] Petitioner does not challenge the denial of CAT protection on the merits. Instead, he challenges the BIA's denial on due process grounds. Accordingly, the merits of Petitioner's CAT claim are not before us. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988).

requires. A fair reading of the IJ's 2014 decision shows a complete examination of the evidence gathered over the course of nearly a decade. The IJ's 2014 discussion of Mendoza-Hernandez's diminished credibility did not exclude evidence; it addressed the evidentiary weight to be given to his recent testimony, a decision within the IJ's discretion. 8 C.F.R. § 1003.10(b) (2014). Further, nothing in the record or Mendoza-Hernandez's arguments provides any basis to conclude that the IJ's consideration of previous evidentiary findings deprived Mendoza-Hernandez of a full and fair hearing. *Id.*

Additionally, Mendoza-Hernandez's claim that the IJ violated due process by applying post-REAL ID Act rules to his pre-REAL ID Act CAT claim fails. The record does not reflect any misapplication of the law in the IJ's decision. While the IJ did not specifically state that he was applying pre-REAL ID Act law, his decision does not reflect that he applied the statutory amendments made by the REAL ID Act of 2005. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010)*; see, e.g.*, *Sidhu v. INS*, 220 F.3d 1085, 1091–92 (9th Cir. 2000). Accordingly, Mendoza-Hernandez has not established any due process violation in this regard.

2. We review the BIA's denial of a motion to remand for abuse of discretion. *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). Under this standard, the BIA abuses its discretion when it acts "arbitrarily,

3

irrationally, or contrary to law." *Id.* (internal quotation marks omitted). To succeed on a motion to remand, a petitioner must "establish prima facie eligibility for the relief sought." *Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007); *see Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024) (explaining that motions to remand and motions to reopen are "evaluated by the same standards").

Mendoza-Hernandez's motion for remand was primarily based on perceived due process violations. The BIA denied Mendoza-Hernandez's motion on the ground that he had not shown a "due process violation or other basis for remand." As already discussed, Mendoza-Hernandez has not established a due process violation. Further, the BIA meaningfully considered the evidence in the record when assessing, and ultimately denying, Mendoza-Hernandez's CAT claim on the merits. *See Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001). In light of the CAT merits determination, which is not before us, and our finding that no due process violation occurred, the BIA's decision to deny remand was not arbitrary, capricious, or contrary to the law. *See id.*; *Alcarez-Rodriguez*, 89 F.4th at 759.

**PETITION FOR REVIEW DENIED**.

4