NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA DE LA ASUNCION LOPEZ
MENDOZA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 24-7083

Agency No.
A206-139-530

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2026**
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and KOH, Circuit Judges.

Petitioner Maria de la Asuncion Lopez Mendoza, a native and citizen of

Guatemala, petitions for review of a decision by the Board of Immigration Appeals

("BIA") dismissing Petitioner's appeal from an order of an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") denying Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and denying Petitioner's motion to remand to apply for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review both the IJ's and BIA's decisions because the BIA affirmed the IJ and cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)." *Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir. 2025). We review the agency's legal determinations de novo and the agency's factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted). We review the BIA's denial of a motion to remand for abuse of discretion. *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013).

1.      The agency properly denied Petitioner's claims for asylum and withholding of removal. Petitioner challenges the agency's determination that she did not experience past persecution or establish a well-founded fear of future persecution. First, under the substantial evidence standard, Petitioner did not demonstrate past persecution. *Urias-Orellana v. Bondi*, 607 U.S. ___ (2026). Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir.

2021) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)).

Petitioner points to threatening phone calls she received over the course of a few years despite moving and changing her phone number multiple times. But "[m]ere threats, without more, do not necessarily compel a finding of past persecution." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021); *see Sharma*, 9 F.4th at 1064 (noting that "threatening phone calls over a period of years" that contain "generally anonymous and vague" threats do not show significant actual harm). Furthermore, the record here does not contain evidence that the phone calls were "combined with confrontation or other mistreatment" toward Petitioner, or that Petitioner was ever physically harmed while living in Guatemala. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted); *see Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) (observing that "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution").

Second, because Petitioner has not established past persecution, she is not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1); *Vallecillo-Castillo v. INS*, 121 F.3d 1237, 1240 (9th Cir. 1996). Petitioner has failed to carry her burden of demonstrating that record evidence supports a finding of a well-founded fear of future persecution absent such a presumption. *Sharma*, 9 F.4th at 1065. Therefore, Petitioner failed to establish eligibility for asylum, and Petitioner necessarily cannot meet the "more

stringent" showing required for withholding of removal. *Id.* at 1066.

2. Substantial evidence supports the agency's denial of Petitioner's CAT claim. To qualify for CAT protection, Petitioner must establish that, if removed, it is more likely than not that she would be tortured by or "with the consent or acquiescence of[] a public official" in the country of removal. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Petitioner offered only generalized evidence about Guatemalan government corruption and ineffectiveness. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture."). Moreover, Petitioner testified and presented evidence that the police ultimately investigated her complaints. Upon discovering that Diego and his friends were responsible for the phone calls, the police told Petitioner to return to the police station so they could investigate her case further, but she refused. The record evidence therefore does not compel the conclusion that Petitioner is more likely than not to be tortured with the consent or acquiescence of the Guatemalan government if removed to Guatemala.

3. The BIA did not abuse its discretion in denying Petitioner's motion to remand to allow her to apply for cancellation of removal. To succeed on a motion to remand, a petitioner bears the burden to "establish prima facie eligibility for the relief sought." *Ochoa-Amaya v. Gonzales*, 479 F.3d 989, 992 (9th Cir. 2007);

*Coria v. Garland*, 114 F.4th 994, 1001 (9th Cir. 2024) (explaining that motions to remand and motions to reopen are "evaluated by the same standards"). Prima facie eligibility means "a reasonable likelihood that the petitioner would prevail on the merits" if the motion were granted. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023).

Petitioner has not established a reasonable likelihood that she would succeed on the merits because she failed to establish that her removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). "This hardship standard is stringent." *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1089 (9th Cir. 2015). "Exceptional and extremely unusual hardship" is hardship that is "substantially different from, or beyond, that which would normally be expected from the deportation of a close family membe[r]." *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) (alteration in original) (internal quotation marks and citation omitted). Because Petitioner only proffered evidence that her daughter had "several medical conditions, including ADHD, behavior concerns, [and] likely autism," and failed to explain how Petitioner's removal would create "exceptional and extremely unusual hardship" for her daughter, the BIA did not abuse its discretion in concluding that Petitioner failed to establish prima facie eligibility for cancellation of removal. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) ("hardship must be out of the ordinary and

exceedingly uncommon").

**PETITION DENIED.**