NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1250n.06

No. 11-4044

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Dec 05, 2012**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| FATIN POULOS ZOZAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

BEFORE: MARTIN, SILER, and DONALD, Circuit Judges.

PER CURIAM. Fatin Poulos Zozan petitions for review of an order from the Board of Immigration Appeals dismissing her appeal of an immigration judge's (IJ) decision denying her application for asylum as untimely. We lack jurisdiction over the petition for review.

Zozan, a native and citizen of Iraq, entered the United States on April 5, 2003, as the derivative beneficiary of an approved temporary worker petition filed on behalf of her husband, Manhaal Sulaman. Zozan divorced Sulamaan on April 28, 2004, which terminated her derivative beneficiary status. On November 9, 2005, the Department of Homeland Security served Zozan with a notice to appear charging her with removability as an alien who had remained in the United States for a time longer than permitted. 8 U.S.C. § 1227(a)(1)(B). Zozan admitted the factual allegations and conceded removability. On August 13, 2008, the Department served Zozan with additional charges of inadmissibility or deportability, alleging that she had been convicted of first-degree and

second-degree retail fraud and that she was removable as an alien who had been convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct. 8 U.S.C. § 1227(a)(2)(A)(i)–(ii). Zozan admitted the factual allegations, but denied removability, asserting that her convictions were not crimes involving moral turpitude. Based on Zozan's admissions and convictions, the IJ found that the Department demonstrated by clear and convincing evidence that Zozan was removable as charged. On December 17, 2008, Zozan filed applications for asylum, withholding of removal, and protection under the Convention Against Torture.

After a hearing on the merits, the IJ denied Zozan's asylum application. The IJ found that Zozan failed to establish that she filed her asylum application within one year of her arrival in the United States, or that her untimely filing fell within the exceptions for changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(4)–(5). The IJ also denied asylum on humanitarian grounds. The IJ, however, found that there was sufficient evidence in the record to establish a clear probability of persecution based on Zozan's Christian religion should she return to Iraq. The IJ denied Zozan's asylum application and ordered her removal to Iraq, but granted withholding of removal "until such time as there is no longer a clear probability that her life or freedom would be threatened upon her return to Iraq."

Zozan filed an appeal from the IJ's decision, which the Board dismissed. The Board agreed with the IJ that Zozan's asylum application was untimely and that she failed to establish that her untimely filing fell within an exception. The Board also determined that Zozan was not entitled to reconsideration of the IJ's discretionary denial of asylum on humanitarian grounds. *See* 8 C.F.R. § 1208.16(e).

Zozan now petitions this Court for review, asserting that the Board abused its discretion by ignoring her evidence that she qualified for an exception to the one-year time bar based on changed or extraordinary circumstances. To be eligible for asylum, an alien must demonstrate by clear and convincing evidence that the application was filed within one year of the alien's arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). An otherwise untimely asylum application may be considered if the alien demonstrates "the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application" within the one-year time period. 8 U.S.C. § 1158(a)(2)(D). Our review of the agency's timeliness determination is statutorily limited. "[W]e have jurisdiction to review asylum applications denied for untimeliness only when the appeal seeks review of constitutional claims or matters of statutory construction, not when the question is discretionary or factual." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011) (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1158(a)(3).

Zozan contends that her untimely filing should be excused because her "pressing family struggle and personal suffering" constitute exceptional circumstances and she submitted satisfactory evidence of changed circumstances in Iraq. Because Zozan challenges the agency's factual determination that she failed to establish an exception to the one-year time bar, we lack jurisdiction to address her petition for review. *See Khozhaynova*, 641 F.3d at 191–92; *Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 502 (6th Cir. 2007).

The petition for review is dismissed for lack of jurisdiction.