NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0188n.06

No. 15-3418

**FILED**
Apr 01, 2016
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MILANA ARTASHESTOVNA FISENKO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| LORETTA E. LYNCH, Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE:     GRIFFIN and STRANCH, Circuit Judges; GWIN, District Judge.[*]

**JANE B. STRANCH, Circuit Judge.**  In 2009, Milana Fisenko was denied asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  After Fisenko was subsequently granted withholding of removal, she moved for reconsideration of her asylum application under 8 C.F.R. § 1208.16(e), which the immigration judge (IJ) and the Board of Immigration Appeals (BIA) denied.  We hold that the IJ properly denied the motion for reconsideration and thus DENY Fisenko's petition for review.

## I.     BACKGROUND

Milana Fisenko is a citizen of Russia who was admitted to the United States in August 2006 as a nonimmigrant student.  She was born in Azerbaijan (then part of the U.S.S.R.), and is ethnically Armenian.  Fisenko married one month after entering the United States, and her new

---

[*] The Honorable James Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

husband added her to his asylum application as a derivative beneficiary. An IJ denied her husband's asylum application in October 2006. Around the same time, Fisenko's student status was terminated for nonattendance.

In October 2007, the Department of Homeland Security (DHS) charged Fisenko with removability under 8 U.S.C. § 1227(a)(1)(C)(i) for failing to comply with the conditions of her nonimmigrant status. Fisenko appeared before an IJ in March 2008, conceded removability, and applied for asylum, withholding of removal, and CAT relief. Although Fisenko filed her application more than a year after arriving in the United States, rendering it time barred under 8 U.S.C. § 1158(a)(2)(B), she claimed that "extraordinary circumstances" excused the delay. Specifically, she argued, her attorney had advised her that she was covered by her husband's application—even though that application did not include her independent claims for asylum.

The IJ denied Fisenko's asylum application as untimely in June 2009. The IJ refused to grant an exception for "extraordinary circumstances" on the ground that "[a]s of October 2006, [Fisenko] was aware that her husband's application had been denied," but "she waited nearly 18 more months before filing her application." (A.R. at 172-74.) Although the IJ found that Fisenko had been subjected to persecution, he concluded that this persecution was not based on a protected characteristic. The IJ concluded, furthermore, that Fisenko had not shown a clear probability of future persecution based on a protected characteristic or torture if removed to Russia. Accordingly, the IJ denied withholding of removal and CAT relief.

Fisenko appealed to the BIA. The BIA dismissed Fisenko's appeal of the IJ's asylum decision. The BIA sustained Fisenko's appeal of the IJ's withholding of removal decision, however, concluding that she had demonstrated a clear probability of persecution based on her

Armenian ethnicity, a protected characteristic. The BIA remanded to the IJ, who granted withholding of removal.

In September 2012, Fisenko moved for reconsideration of the IJ's order denying asylum. The IJ denied her motion, and the BIA dismissed Fisenko's appeal in March 2015. This appeal followed.

## II.       ANALYSIS

"Where the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the [IJ]'s decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To the extent that the BIA adopted the IJ's reasoning, we also review the IJ's decision. *Id.*

Fisenko appeals the BIA's decision to deny her motion for reconsideration, which we review under the abuse of discretion standard. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003). The BIA abuses its discretion when its decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (citation omitted). In conducting this analysis, "[q]uestions of law are reviewed de novo, but substantial deference is given to the BIA's interpretation of the INA and accompanying regulations." *Khalili*, 557 F.3d at 435. That is, "[t]he BIA's interpretation of the statute and regulations will be upheld unless the interpretation is arbitrary, capricious, or manifestly contrary to the statute." *Id.* (internal quotation marks omitted).

Fisenko's asylum application was dismissed as untimely. An asylum applicant must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B).

Nevertheless, the agency may consider the application if the applicant demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within" one year. *Id.* § 1158(a)(2)(D). Our jurisdiction to review asylum applications denied as untimely is limited. *Id.* § 1158(a)(3). We may review appeals based on "constitutional claims or matters of statutory construction," but we may not review "discretionary or factual questions." *Vincent v. Holder*, 632 F.3d 351, 353 (6th Cir. 2011).

Fisenko does not appeal the BIA's determination that her asylum application was untimely. Instead, Fisenko argues that 8 C.F.R. § 1208.16(e) required the IJ to reconsider the timeliness decision after she was granted withholding of removal. That regulation provides:

> Reconsideration of discretionary denial of asylum. In the event that an applicant is denied asylum solely in the exercise of discretion, and the applicant is subsequently granted withholding of deportation or removal under this section, thereby effectively precluding admission of the applicant's spouse or minor children following to join him or her, the denial of asylum shall be reconsidered.

8 C.F.R. § 1208.16(e). Whether denials based on untimeliness are encompassed within § 1208.16(e)—that is, whether such denials are "solely in the exercise of discretion"—is a matter of statutory construction that we may review.

We have identified only two published decisions in which an asylum applicant appealed an IJ's failure to reconsider under § 1208.16(e). *See Huang v. I.N.S.*, 436 F.3d 89 (2d Cir. 2006); *In re T-Z-*, 24 I. & N. Dec. 163 (BIA 2007). Three other cases mention the regulation in passing. *See Zozan v. Holder*, 507 F. App'x 521, 522 (6th Cir. 2012); *Dieng v. Holder*, 698 F.3d 866, 874 n.5 (6th Cir. 2012); *Arif v. Mukasey*, 509 F.3d 677, 682 (5th Cir. 2007). None of these decisions indicate, in ruling or in dicta, that § 1208.16(e) applies to asylum denials based on untimeliness.

Rather, all of these cases address a much different situation:  IJ decisions to deny asylum despite finding that the applicant was statutorily eligible for such relief.

"Statutory and regulatory eligibility for asylum, whether based on past persecution or a well-founded fear of future persecution, does not necessarily compel a grant of asylum." *In re H-*, 21 I. & N. Dec. 337, 347 (BIA 1996).  Even if the asylum applicant demonstrates statutory eligibility for asylum, "the IJ may, in his discretion, deny asylum." *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004); *see also* 8 C.F.R. § 1208.14.   Thus, evaluating an asylum application "involves a two-step inquiry: (1) whether the applicant qualifies as a 'refugee' as defined in 8 U.S.C. § 1101(a)(42)(A), and (2) whether the applicant 'merits a favorable exercise of discretion by the [IJ].'" *Kouljinski v. Keisler*, 505 F.3d 534, 541 (6th Cir. 2007) (citation omitted).  The BIA has long called denials at the second step "discretionary denials of asylum"—the exact phrase used in the title to § 1208.16(e).  *See* 8 C.F.R. § 1208.16(e) (titling the provision "[r]econsideration of discretionary denial of asylum"); *see also, e.g.*, *In re T-Z-*, 24 I. & N. Dec. at 163-64; *In re A-H-*, 23 I. & N. Dec. 774, 780 (2005); *Matter of Salim*, 18 I. & N. Dec. 311, 315 (BIA 1982) (noting that the BIA "had never before considered a discretionary denial of asylum relief" and setting out factors to be considered in this determination).  The federal courts have also used this phrase to describe denials at the second step.  *See, e.g.*, *Zuh v. Mukasey*, 547 F.3d 504, 506-08 (4th Cir. 2008); *Kouljinski*, 505 F.3d at 541-43; *Huang*, 436 F.3d at 94-95; *Kalubi v. Ashcroft*, 364 F.3d 1134, 1135 (9th Cir. 2004); *Doherty v. U.S. Dep't of Justice*, 908 F.2d 1108, 1120 (2d Cir. 1990) ("A decade of practice confirms that the board's discretionary denials of asylum to otherwise eligible candidates have been primarily for reasons of administrative fairness and efficiency . . . ."); *Estrada v. I.N.S.,* 775 F.2d 1018, 1021 (9th Cir. 1985).

This connection between § 1208.16(e) and the "discretionary denial of asylum" term of art is more than inferential. Indeed, the history of § 1208.16(e) reveals a direct link between the two. In 1987, the Department of Justice proposed revisions to the regulations governing the asylum process, 8 C.F.R. § 208.13 *et seq.*[1] *See* 52 Fed. Reg. 32,552 (Aug. 28, 1987). The proposal included 8 C.F.R. § 208.13, which governed the "[a]pproval or denial of [an asylum] application." *Id.* at *32,557. Proposed § 208.13(a) (what is now 8 C.F.R. § 1208.14(a)) provided that "[t]he Asylum Officer shall exercise discretion to grant or deny asylum to an applicant who qualifies as a refugee." Proposed § 208.13(d) expanded on subsection (a) and provided a non-exhaustive list of "factors to be considered in discretionary grants or denials of asylum to applicants who had established eligibility as refugees."[2] 53 Fed. Reg. 11,300, at *11,301 (April 6, 1988).

As part of the proposed revisions, the Justice Department also proposed the original predecessor to § 1208.16(e). Proposed 8 C.F.R. § 208.15(d) provided, in pertinent part:

> *In the event that asylum is denied solely in the exercise of discretion, pursuant to §208.13(d)*, but the applicant is subsequently granted withholding of deportation under this section, thereby effectively precluding admission of the applicant's spouse or minor children following to join him, the denial of asylum shall be reconsidered.

---

[1] The chapter in the Code of Federal Regulations that petitioner cites, 8 C.F.R. §1208, *et seq.*, is a duplication of 8 C.F.R. § 208, *et seq.*, that was added in 2004 when Congress transferred the functions of the Immigration and Naturalization Service to the Department of Homeland Security. *See* 68 Fed. Reg. 9824. Chapter 208 is the best source of legislative history since it is where the original regulations were codified.

[2] It provided, in full:

> Discretionary grants or denials. (1) An application for asylum may otherwise be granted or denied in the exercise of discretion. In deciding whether to grant or deny an application, the Asylum Officer shall consider as favoring a grant of asylum such factors as the applicant's family and other ties to the United States and the fundamentally humanitarian purposes of asylum. Accordingly, maintaining or facilitating family unity should be given appropriate consideration in deciding all asylum applications.

52 Fed. Reg. 32,552, at *32,557.

52 Fed. Reg. 32,552, at \*32,558 (emphasis added).  This original iteration of the rule provides considerable insight into the meaning of § 1208.16(e).  As the original draft makes clear, the provision refers to those discretionary decisions made after an applicant is determined to be eligible for asylum.  In other words, it refers to those discretionary decisions made during the second step of the asylum inquiry.[3]

A "crucial factor in weighing asylum as a discretionary matter" is family unification. *Huang*, 436 F.3d at 101 (citing *In re H-*, 21 I. & N. Dec. at 347-48).  When withholding of removal is granted after asylum has been denied, "[the] practical effect of this status is that the refugee is not eligible to become a lawful permanent resident . . . as an asylee; and hence, his spouse or children cannot enter the United States . . . as derivative asylees." *Id.* at 95; *see also Camara v. Holder*, 705 F.3d 219, 224 (6th Cir. 2013); 8 C.F.R. § 1208.16(e) (expressly recognizing that this status "effectively preclude[s] admission of the applicant's spouse or minor children following to join him or her").  At the same time, the applicant cannot return home, where he or she faces persecution.  Accordingly, "denial of asylum, paired with the reasons that underlay the granting of withholding of removal," often separates the applicant from his or her family. *Id.* at 100-01.  It makes good sense, then, to reconsider a discretionary denial of asylum under these circumstances, because in many cases one of the factors that informs this decision— family unification—will have materially changed since the asylum application was denied.  That

---

[3] Although the "pursuant to § 208.13(d)" language was eventually omitted, its omission can be easily explained.  The 1987 version was simply a proposed rule, which was opened for comment.  The Department of Justice received feedback regarding § 208.13(d), which identified "difficulties and consequent dangers of attempting to codify comprehensive standards for such an exercise of discretion."  53 Fed. Reg. 11,300, at \*11,301.  Thus, the Department ultimately decided against including a provision offering guidance on how to exercise discretion. *Id.* What was left was subsection (a), which simply stated that "[a]n Immigration Judge or Asylum Officer may grant or deny asylum in the exercise of discretion to an applicant who qualifies as a refugee." *Id.* at \*11,306.  In response to § 208.13(d)'s omission, the reconsideration provision was revised to simply say, "In the event that asylum is denied solely in the exercise of discretion but the applicant is subsequently granted withholding . . . ."  53 Fed. Reg. 11,300, at \*11,307.  Although the reconsideration provision no longer had a readily identifiable subsection to cross-reference, the original purpose of the provision remained unchanged:  the discretionary denials of asylum for those determined to be eligible.

is, where withholding of removal will separate the family, the IJ may very well find that the balance of discretionary factors now favors granting asylum.

Fisenko's asylum application was denied as untimely under § 1158(a)(2)(B). Fisenko is correct that the IJ exercised discretion by declining to apply the "extraordinary circumstances" exception. *See, e.g.*, *Taghzout v. Gonzales*, 219 F. App'x 464, 469 (6th Cir. 2007) ("[Defendant's] challenge to the timeliness determination by the immigration judge centers on the *factual finding* that the application was not filed by the governing deadline and the *discretionary ruling* that no extraordinary circumstances warranted an extension of time."). However, as detailed above, the refusal to consider an application based on untimeliness and lack of extraordinary circumstances is not the type of discretionary denial of asylum to which §1208.16(e) refers. It refers instead to a specific type of denial of asylum—the "discretionary denial of asylum" decisions made in the second step of the asylum inquiry under 8 U.S.C. § 1158(b) and 8 C.F.R. § 1208.4. Section 1208.16(e) thus does not apply in Fisenko's case, and the BIA properly dismissed her appeal on this basis. As discussed above, we lack jurisdiction to review discretionary rulings, *Vincent*, 632 F.3d at 353, and thus do not address the IJ's decision not to apply the extraordinary circumstances exception.

## III.     CONCLUSION

For the reasons stated above, we DENY Fisenko's petition.