NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0153n.06
Nos. 19-3289/19-3745

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

ESMERALDA RAMIREZ-GUZMAN,            )
                                     )
           Petitioner,               )
                                     )
v.                                   )
                                     )
WILLIAM P. BARR, Attorney General,   )
                                     )
           Respondent.               )

**FILED**
Mar 13, 2020
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW FROM
THE BOARD OF IMMIGRATION
APPEALS

BEFORE:    DAUGHTREY, KETHLEDGE, and THAPAR, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.    Petitioner Esmeralda Ramirez-Guzman, a native and citizen of Mexico, petitions for review of decisions by the Board of Immigration Appeals (BIA) denying her motions for remand and for reconsideration following the BIA's affirmance of an immigration judge's order of removal.  Ramirez-Guzman contends that the BIA erred in concluding that her request for cancellation of removal failed to offer sufficient evidence both of her continuous presence in the United States and of the extreme hardship her two children (who are citizens of the United States) would suffer if she were removed to Mexico. Binding circuit precedent requires us to conclude that Ramirez-Guzman cannot establish her required continuous physical presence in the United States.  Consequently, we must deny her petition for review.

Neither Ramirez-Guzman nor the government seriously contest certain facts in this matter. First, the government does not dispute that Ramirez-Guzman, while she was a child in Mexico,

suffered horrendous abuse at the hands of her stepfather. Nor does the government challenge the petitioner's claim that Ramirez-Guzman's former partner, Alejandro Ibarra, brutally abused her, both physically and sexually, on a regular basis while the couple lived in Mexico.

Second, neither party contends that the administrative denials of asylum, withholding of removal, or relief under the United Nations Convention Against Torture are being contested at this stage of the litigation. Instead, the only issues presently before us involve Ramirez-Guzman's insistence that the BIA erred in denying her motion to remand in order to apply for cancellation of removal and her motion to reconsider that denial.

We review a BIA denial of a motion to remand or a motion to reconsider under the abuse-of-discretion standard. *Pilica v. Ashcroft*, 388 F.3d 941, 948 (6th Cir. 2004) (motion to remand); *Fisenko v. Lynch*, 826 F.3d 287, 290 (6th Cir. 2016) (motion to reconsider). "In determining whether the Board abused its discretion, this Court must decide whether the denial of Petitioner's motion . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982) (*per curiam*).

Because "[m]otions to remand or to reopen are generally treated the same," *Ahmed v. Mukasey*, 519 F.3d 579, 585 n.7 (6th Cir. 2008), in order to succeed on her request for a remand to the BIA, Ramirez-Guzman must offer "new facts" that are "supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B) (setting forth the required contents of a motion to reopen). To establish her eligibility for the cancellation of removal that Ramirez-Guzman seeks, those "new facts" must establish that she:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
> (B) has been a person of good moral character during such period;

(C) has not been convicted of [designated offenses not applicable to this situation]; and

(D) establishes that removal would result in exceptional and extremely unusual hardship to [her] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

8 U.S.C. § 1229b(b)(1)(A)–(D). Failure to meet even one of the listed requirements necessarily dooms a petitioner's request for cancellation of removal.

In pertinent part, 8 U.S.C. § 1229b(d)(1)(A) provides that "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under section 1229(a) of this title." Ramirez-Guzman acknowledges that she received a Form I-862 Notice to Appear dated April 26, 2013, more than one year before the tenth anniversary of her entry into the United States. But, she argues, the April 2013 notice could not serve to terminate her period of continuous physical presence in the country because that notice did not contain essential information required by the provisions of 8 U.S.C. § 1229(a)—specifically, "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i).

The April 2013 notice did designate the place where the hearing would be held, but it simply directed the petitioner to appear "on a date to be set at a time to be set to show why you should not be removed from the United States." Such a deficient notice, standing alone, cannot serve to stop the accrual of the time an individual is present in this country. Indeed, in *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018), the United States Supreme Court held unambiguously that a notice to appear "that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule" of 8 U.S.C. § 1229b(d)(1)(A).

The April 2013 notice was not the only information about the removal hearing served on Ramirez-Guzman by the government, however. On or about July 9, 2013, approximately 11 months prior to the end of what would have been Ramirez-Guzman's ten years of continuous physical presence in the United States, the petitioner received a "Notice of Hearing in Removal Proceedings" that directed her to appear "on Jan 8, 2014 at 09:00 A.M. at: 167 N. MAIN STREET, ROOM 460, Courtroom B MEMPHIS, TN 38103." Taken together, the notices of April 2013 and July 2013 provided Ramirez-Guzman with all the information required by the provisions of 8 U.S.C. § 1229(a)(1)(A)–(G). In fact, in reliance upon the information contained in the two notices, Ramirez-Guzman did appear at the appointed time at the appointed place for her initial hearing in this matter.

Despite Ramirez-Guzman's initial argument that only a single notice containing the information required by § 1229(a)(1) can serve to bring into play the stop-time provision of § 1229b(d)(1)(A), we explicitly have held to the contrary in a decision released the day after the petitioner filed her initial brief with this court in this matter. In *Garcia-Romo v. Barr*, 940 F.3d 192 (6th Cir. 2019), we held:

> [W]ritten communications to a noncitizen in multiple components or installments may collectively provide all the information necessary to constitute "a notice to appear" under 8 U.S.C. § 1229b(d). Thus, the government triggers the stop-time rule when it sends a noncitizen all the required categories of information under § 1229(a)(1)(A)–(G) *through one or multiple written communications*.

*Id.* at 201 (emphasis added).

Given Ramirez-Guzman's June 2004 entry into the United States, she could not have established ten years of continuous physical presence in this country prior to June 2014. Shortly after July 9, 2013, but definitely prior to January 8, 2014, however, she received notice of the time and the place at which she was to appear for a master hearing before the immigration court. Receipt

of that and other information required to be communicated to a noncitizen in removal proceedings prior to June 2014 thus resulted in the application of the stop-time provision of 8 U.S.C. § 1229b(d)(1)(A), effectively ending Ramirez-Guzman's period of continuous physical presence in the country and rendering her quest for cancellation of removal unattainable.

Because Ramirez-Guzman cannot establish ten years of continuous physical presence in the United States, she cannot meet one of the four requirements for eligibility for cancellation of removal. The BIA did not abuse its discretion in denying either the motion to remand to entertain Ramirez-Guzman's untenable argument for cancellation of removal or the motion to reconsider that denial. We therefore DENY the petition for review.