MEMORANDUM ***
Cesario Alonso-Varona (“Alonso-Varo-na”) petitions for review of a final order of removal issued by the Board of Immigration Appeals (“BIA”) that upheld the Immigration Judge’s (“IJ’s”) ruling denying Alonso-Varona’s applications for adjustment of status under Section 245(i) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1255(i), and for cancellation of removal pursuant to INA Section 240A(b)(l), 8 U.S.C. § 1229b(b)(l). Alon-so-Varona contends that the IJ and the BIA failed properly to consider: (1) his eligibility to adjust status under the Child Status Protection Act (“CSPA”), see Pub.L. No. 107-208, 116 Stat. 927 (2002), (2) the effect of the government’s supposed failure to follow its own regulations, and (3) the weight that should have been given to his adjustment issues in deciding whether he had demonstrated hardship to a qualifying relative. He also argues that the BIA erred by issuing an opinion by a one-member (rather than a three-member) panel, and that he was denied a full and fair hearing because the Department of Homeland Security (“DHS”) abruptly changed its position regarding his eligibility to adjust status on the eve of the hearing. As the facts and procedural history are familiar to the parties, we do not recite them here except to explain our disposition.
The IJ and the BIA correctly concluded in 2005 that Alonso-Varona was not eligible to adjust his status based on a 1992 visa petition where that petition had been automatically revoked by his marriage in 1997. In order for the CSPA to apply to Alonso-Varona, the 1-130 petition filed by his father in 1992 on his behalf would have to have been either “approved” or “pending” as of the August 6, 2002 CSPA enactment date. Section 8 of the CSPA, Pub.L. No. 107-208, 116 Stat. 927, 930 (2002); see also, Ochoa-Amaya v. Gonzales, 479 F.3d 989, 992-93 (9th Cir.2007). However, Alonso-Varona’s marriage in 1997 automatically revoked the approval of the 1992 petition “as of the date of approval.” 8 U.S.C. § 1155; 8 C.F.R. § 205.1(a)(3)(i)(I). While a subsequent 1-130 petition was filed in October 2002 on Alonso-Varona’s behalf following his divorce, no immigration visas are or were available for the priority date of the subsequent petition,[1] and nothing in the CSPA would permit him to revive the revoked 1992 petition. Therefore, the Immigration Judge and the BIA were correct to decide that Alonso-Varona was ineligible to adjust his status.[2]
*505 With respect to Alonso-Varona’s argument that the government failed to follow its own regulations, it is unclear which regulations Alonso-Varona contends that the government is supposed to have violated. To the extent that Alonso-Varo-na might be understood to argue that the government is estopped from removing him because it failed to warn him about the consequences of marrying, there is no statutory, regulatory, or case authority showing that the government had an affirmative duty to give such a warning.
The Court lacks jurisdiction to review whether Alonso-Varona has demonstrated a basis for cancellation of removal under 8 U.S.C. § 1229b(b)(l) because of “exceptional and extremely unusual hardship” to a qualifying relative. See 8 U.S.C. § 1252(a)(2)(B)©; Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir.2005). Therefore, we must dismiss that portion of the petition which challenges the BIA’s basis for denying cancellation of removal.
Alonso-Varona also challenged the BIA’s decision to issue its determination by means of a one-member panel, mischar-acterizing it as a decision to “streamline.” The regulations authorize a single BIA member to affirm the IJ’s decision without opinion, ie., “streamline,” if certain criteria are met. See Chen v. Ashcroft, 378 F.3d 1081, 1086 (9th Cir.2004); 8 C.F.R. § 1003.1(e)(4). In cases where a Board member determines that a decision is not appropriate for affirmance without opinion, 8 C.F.R. § 1003.1(e)(5) provides that “the Board member shall issue a brief order affirming, modifying, or remanding the decision under review.” A case may be assigned for a review by a three-member panel if only it presents one of six circumstances delineated in 8 C.F.R. § 1003.1(e)(6), none of which is present in this litigation. The decision here to issue a one-member written opinion was both procedurally apt, and wholly a matter of agency discretion.
Finally, Alonso-Varona was not denied a full and fair hearing. He was given a two-month continuance to prepare his case in response to the government’s change in position. Absent any showing of prejudice, his due process challenge must fail. See, e.g., Halaim v. INS, 358 F.3d 1128, 1136 (9th Cir.2004).
PETITION DISMISSED in part and DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Under Section 245(i) of'the INA, 8 U.S.C. § 1255(i), a person who entered the United States illegally, and who, among other requirements, "is the beneficiary ... of ... a petition for classification under section 1154 of this title that was filed with the attorney general on or before April 30, 2001,” is eligible to adjust his or her status to' that of a lawful permanent resident. ‘ 8 U.S.C. § 1255(i)(l)(B)(i). In order to adjust status under this provision, it is necessary that "an immigration visa [be] immediately available to the alien at the time the [adjustment] application is filed.” 8 U.S.C. § 1255(i)(2)(B); 8 C.F.R. § 245.1(g)(1).

. Akhtar v. Burzynski, 384 F.3d 1193 (9th Cir.2004) (interpreting the Legal Immigration Family Equity Act Amendments of 2000, Pub.L. No. 106-554, 114 Stat. 2J63A-324 et seq.), cited by the Petitioner, does not compel a contraiy conclusion. That case does not address the application' of the CSPA in any way.