**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX COLORADO MORAN, AKA Alex Colorado, AKA Alex Moran Colorado, AKA Alex Moran, AKA Alex Antonio Moran, AKA Alex Colorado Moran, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-70508 <br><br> Agency No. A029-274-714 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2019
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and SETTLE,[**] District Judge.

Alex Colorado Moran petitions from the decision of the Board of

Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of his

application for asylum, withholding of removal, deferral of removal under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Convention Against Torture (CAT), and adjustment of status. Moran also argues that he is eligible for relief under section 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Contrary to Moran's argument, his conviction under California Penal Code § 245(a)(1) is an aggravated felony. Our decision in *United States v. Vasquez-Gonzalez*, which held that a conviction under California Penal Code § 245(a)(1) "was categorically a crime of violence as defined in 18 U.S.C. § 16(a)," compels that conclusion. 901 F.3d 1060, 1068 (9th Cir. 2018).

To be sure, *Vasquez-Gonzalez* addressed a version of the statute "[f]rom its enactment in 1993 to its amendment in 2011," and expressly noted that "[t]he reorganized version of the statute is not before us." *Id.* at 1068 & n.8. Moran was convicted under the reorganized statute. The amended subsection of the statute, however, criminalizes less conduct than the version of the statute analyzed in *Vasquez-Gonzalez*. *Compare* Cal. Penal Code § 245(a)(1) (1993) (criminalizing "assault . . . with a deadly weapon or instrument other than a firearm or by means of force likely to produce great bodily harm"), *with* Cal. Penal Code § 245(a)(1) (2012) (criminalizing "assault . . . with a deadly weapon or instrument other than a firearm"). Accordingly, because we held in *Vasquez-Gonzalez* that the conduct penalized by California Penal Code § 245(a)(1) (1993) is a crime of violence, so

2

too is the conduct penalized by the revised version of California Penal Code § 245(a)(1) under which Moran was convicted necessarily a crime of violence.

Moran was sentenced to five years in prison. Accordingly, his conviction under California Penal Code § 245(a)(1) was an aggravated felony and a particularly serious crime. *See* 8 U.S.C. § 1101(a)(43)(F) (defining aggravated felony as "a crime of violence . . . for which the term of imprisonment [is] at least one year"); 8 U.S.C. § 1231(b)(3)(B)(iv) (alien "who has been convicted of an aggravated felony (or felonies) for which [he or she] has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime").[1]

Because Moran was convicted of an aggravated felony, he is ineligible for asylum and relief under section 203 of NACARA. *See* 8 U.S.C. § 1158(b)(2)(A)(ii); *Ortiz v. INS*, 179 F.3d 1148, 1154 n.7 (9th Cir. 1999). And because he was convicted of a particularly serious crime, he is ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). We therefore deny the

---

[1] We also reject Moran's argument that he was not convicted of an aggravated felony because his sentence was ambiguous or because a portion was suspended. The court sentenced Moran to a total of five years' incarceration, which is the only relevant fact for purposes of determining the length of his sentence. *See* 8 U.S.C. § 1101(a)(48)(b) ("Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.")

3

petition as to Moran's asylum, withholding of removal, and NACARA claims.

2. Substantial evidence supports the BIA's denial of Moran's CAT claim. Moran fails to identify any error in the BIA's decision. The BIA properly concluded that Moran failed to demonstrate that gangs would likely attempt to torture him or that public officials would consent to or acquiesce in his persecution. Substantial evidence supports these conclusions. We therefore deny the petition as to Moran's CAT claim.

3. Moran is ineligible for adjustment of status because he does not have a visa that is immediately available to him. *See* 8 U.S.C. § 1255(i)(2)(B). Although Moran's mother had previously filed a visa petition on his behalf, that petition was revoked when Moran married. *See* 8 C.F.R. § 205.1(a)(3)(i)(I). Moran's refiled visa petition after his divorce did not revive his prior revoked visa application. *See Alonso-Varona v. Mukasey*, 319 F. App'x 502, 504 (9th Cir. 2009) ("While a subsequent I–130 petition was filed . . . on Alonso–Varona's behalf following his divorce . . . nothing in the CSPA would permit him to revive the revoked [] petition.").

Moran's Opening Brief includes an exhibit that, he contends, demonstrates that he is eligible to apply for adjustment of status. That exhibit, however, is not part of the Certified Administrative Record and thus cannot be considered by our court. *See* 8 U.S.C. § 1252(b)(4)(A). Because Moran offers no other evidence to

support his adjustment of status claim, we deny the petition as to that claim.

4. Finally, the Supreme Court's decision in *Pereira v. Sessions* does not affect Moran's case. 138 S. Ct. 2105 (2018). *Pereira* held that if the government serves an alien with a notice to appear (NTA) that does not specify the time or place of the alien's initial removal hearing, service of that document does not trigger the stop-clock rule. *Id.* at 2110. We have previously rejected Moran's proposed reading of *Pereira*: that an NTA's failure to state the time or place of an alien's initial removal hearing renders the IJ without jurisdiction over the alien's removal proceedings. *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED.**